IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ADRIAN RUCKER**                                                     **PLAINTIFF**

**VS.**                                  **CAUSE NO.** 1:20cv96-MPM-DAS

**NEW PROCESS STEEL, L.P.**
**and MARK BRITT**                                           **DEFENDANTS**

                                                                                **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for sexual harassment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, and unequal pay under the Equal Pay Act. Plaintiff also makes state law claims against Mark Britt for malicious interference with employment and intentional infliction of emotional distress. The following facts support the action.

1.

Plaintiff ADRIAN RUCKER is an adult resident citizen of Lowndes County, Mississippi. Plaintiff is a black female.

2.

Defendant NEW PROCESS STEEL ("Defendant NPS") is a Texas limited partnership doing business in the state of Mississippi. Defendant NPS may be served with process on its registered agent, Capitol Corporate Services, Inc., 248 East Capitol Street, Suite 840, Jackson, Mississippi 39201.

Defendant, MARK BRITT ("Defendant Britt"), upon information and belief, is an adult resident citizen of Lowndes County, Mississippi. Defendant Britt may be served with process at his place of employment, New Process Steel, 280 Industrial Park Road, Columbus, Mississippi 39701.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, to redress claims arising under the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the Equal Pay Act. This Court has supplemental jurisdiction over Plaintiff's state law claims.

4.

Around January 2018, Plaintiff began working for Defendant NPS as a packager on the second shift through a temporary employment agency. Over the next year, Plaintiff was trained in various jobs in her department including helper, pallet builder, feed up, and setup. Plaintiff was even being trained to be an operator, the highest paid job in department.

5.

Around September 2018, Plaintiff was moved to third shift, and Defendant Britt, white, became her direct supervisor. Almost instantly, Defendant Britt began sexually harassing Plaintiff. On several occasions, Defendant Britt asked Plaintiff to have sex with him, and asked Plaintiff whether he could perform oral sex on her. Defendant Britt would send Plaintiff text messages asking her to meet him to have sex. *See* Text Messages, attached hereto as Exhibit "A." Plaintiff refused Defendant Britt's advances. After rejecting Defendant Britt's sexual advances, Defendant Britt stopped training Plaintiff to be an operator, which was, in fact, a very high-paying job. Plaintiff was not aware of any other female being allowed to work as an operator.

6.

In January 2019, Plaintiff was hired by Defendant NPS as a full-time employee making $12.00 per hour. Even though Plaintiff's job title remained a packager, she worked as a float working all the other jobs in the department, other than operator, which Defendant Britt had demoted her from performing.

7.

Between January and May 2019, Plaintiff continued to work on third shift under Defendant Britt. During that time, two (2) co-workers, Rodney Outlaw and Darnell Welch, sexually harassed her. Both Outlaw and Welch told Plaintiff's co-workers that Plaintiff was having sex with other co-workers. Plaintiff reported this sexual harassment to Tammy LNU in human resources ("HR"), and, to Plaintiff's knowledge, nothing was done about it because both employees continued to work there. Because Plaintiff did not believe HR did anything about the reports of sex harassment by her co-workers, and she did not report the sexual harassment by Defendant Britt to HR, fearing it would only cause her to lose her job since Defendant Britt would have fired her. Defendant Britt had already demoted her from training to be operator because she rejected his sexual advances.

8.

In May 2019, Plaintiff was moved from third shift to first shift and Defendant Britt was no longer her direct supervisor. Plaintiff's pay was increased to $13.00 per hour, but she was still making far less than she would have made if she had not been demoted from training to be an operator.

9.

On or about August 5, 2019, Plaintiff filed her EEOC Charge alleging, *inter alia*, sexual harassment and sex discrimination. *See* First EEOC Charge, attached hereto as Exhibit "B." After Plaintiff filed her EEOC charge, Defendant Britt would come in early before his second shift and stare at Plaintiff, making her nervous and uncomfortable. Defendant Britt was continuing to sexual harass her, and was retaliating against her for filing an EEOC Charge alleging sex harassment and sex discrimination against him. Plaintiff has filed a second EEOC Charge alleging sex harassment, sex discrimination, and retaliation for filing an EEOC charge. *See* Second EEOC Charge, attached hereto as Exhibit "C."

10.

In November 2019, Plaintiff left her employment with Defendant NPS because she believed she would be terminated. One of the reasons she left was because of the continued sexual harassment and retaliation she was suffering from Defendant Britt.

11.

Plaintiff has received her right to sue letter for her first EEOC Charge, attached hereto as Exhibit "D." Plaintiff is currently suing Defendant NPS for sexual harassment, sex discrimination, unequal pay because of her gender, and retaliation for filing an EEOC Charge. Plaintiff has received her right to sue letter for her second EEOC Charge, attached hereto as Exhibit "E."

12.

Plaintiff is suing the individual Defendant Mark Britt for malicious interference with employment and intentional infliction of emotional distress.

13.

The actions of Defendants against Plaintiff have been intentional and malicious, such that liquidated and punitive damages are due.

14.

Plaintiff has suffered lost income and mental anxiety and stress as a result of Defendant's wrongful actions.

### REQUEST FOR RELIEF

Plaintiff requests actual, liquidated, and punitive damages in an amount to be determined by a jury, reinstatement to the position of operator, as well as reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 18th day of May, 2020.

                ADRIAN RUCKER, PLAINTIFF

By:    */s/ JIM WAIDE*
        Jim Waide, MS Bar No. 6857
        Ron Woodruff MS Bar No. 100391
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS 38804-3955
        Post Office Box 1357
        Tupelo, MS 38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEY FOR PLAINTIFF